Eattlk, J.
 

 Upon the trial, the right of the plaintiff to recover was resisted, upon many grounds, one of which, is so clearly fatal to the action, that we have deemed it unnecessary, if not improper, to consider any other. The 5th of the defendant’s grounds of objection is thus stated: “That the plaintiff never purchased the franchise of the Neuse Eiver Navigation Company, or bid the same off by herself or agent;
 
 *318
 
 tliat she never satisfied the execution, or toot the said franchise for the shortest period of time, and to receive such tolls and fare, as the said company would, by law, be entitled to demand, and was not the highest bidder for the same.” In order to understand the force of this objection, it is necessary to premise, that prior to the enactment of the Revised Code, the franchise of a corporation, such as that of a railroad or navigation company, could not be levied upon and sold under a writ of
 
 fieri facias,
 
 or any other writ of execution, known either to our common, or statute law. In the celebrated case of
 
 State
 
 v.
 
 Rives,
 
 5 Ire. Rep. 306, the Court say. “We agree that the franchise itself (that is of the Portsmouth and Roanoke Rail Road Company) cannot be sold. It is intangible and vested in an artificial being of a particular organization, suited, in the view of the Legislature, to the most proper and beneficial use of the franchise; and therefore it cannot be assigned to a person, natural or artificial, to which the Legislature has not committed its exercise and emolument.” After stating that though the franchise of the corporation could not be taken and sold under execution, any vested property it might have in any thing tangible, either personal or real, might be so seized and sold, however useful, or even indispensable it may be to the enjoyment of the franchise, the Court add: “ It maybe very unfortunate, and cause much loss, in a pecuniary sense, to arrest the exercise of a franchise, by depriving its proprietor of an estate, or thing needful to its exercise, when of the two, the franchise, or the tangible thing, the former is much the more valuable. We regret, sincerely, that it has hitherto escaped the attention of these companies and of the Legislature, that some act was necessary, in order that such sales, when unavoidable, might be made with the least loss to the debtors, and the greatest advantage to the creditors, and purchasers, by providing for keeping the franchise with the estate. Or, if it so please the Legislature, an act might provide for putting the road into the hands of a receiver and subjecting the income to the cred
 
 *319
 
 itors, instead of the estate in the land, stripped of the franchise.”
 

 The intimation thus thrown out from such high authority, no doubt induced the Legislature, in enacting the Eevised Code, to provide for the sale of the franchise of a railroad or other corporation, under a writ of
 
 fieri
 
 faoias, issuing on a judgment or decree against it. This is done by the ninth and several subsequent sections of the 26th chapter of the Eevis-ed Code, concerning “ Corporations.” The ninth section declares that the franchise of the corporation “ with all the rights and privileges thereof, so far as the receiving of fare or tolls, and also all other corporate property, real and personal, may be taken on execution and sold under the rules regulating real estate.” By the tenth section, which is the one upon which the question in the case arises, it is enacted as follows : “ In the sale of the franchise of any corporation, the person who shall satisfy the execution, with all costs thereon, or who shall agree to take such franchise, for the shortest period of time, and to receive during that time all such fare and toll as the said corporation would by law be entitled to demand, shall be considered as the highest bidder.” The plaintiff claims to be the purchaser of the franchise of the Neuse Eiver Navigation Company, at an execution sale of the same upon a bid far below the amount of the execution and costs, and the question is, can she be considered as the highest bidder within the meaning of the above recited section of the act. The plaintiff’s counsel contend that she can, and they insist that a fair construction of the section is, that the officer- who conducts the sale, must offer the franchise until he gets the highest bid which any person present is willing to make, and that he is then to offer the franchise to any person who is willing to take it for the shortest time at that price. In other words, his auction is to be a singular compound of the English and the Dutch; beginning with the former and ending with the latter. There are two fatal objections to this construction. One is, that it loses sight altogether of the requirement to pay and satisfy the execution and costs. The second is, that until the execution and
 
 *320
 
 costs are satisfied, the sheriff or other officer will, whenever the bid is for a period of the franchise short of the whole duration, have to go on selling it out by piece-meal, until the whole is disposed of. Such a mode of selling, certainly, was never in the contemplation of the Legislature. It cannot be denied 1 hat the language of the section is somewhat obscure, and this obscurity is caused by the attempt of the writer to make it concise ; but by attending to the object which he had in view, we can discover, with unerring certainty, the meaning of the provision. A prominent purpose was, undoubtedly, to have tiie execution and the costs thereon satisfied by the sale of the franchise. To accomplish this purpose, the section distinctly designates two persons, either of whom, may, according to the circumstances, be the highest bidder, and therefore, the purchaser. The first is the person who, if there be no other bidder, will take the corporate franchise for the whole period of its existence upon the- terms of paying off the execution and .costs. But if any other person will, upon the same terms of ]laying the execution and costs, take the franchise for a shorter period, then he shall he considered to be the highest bidder, and therefore the purchaser. The section consists of only one sentence, and that is manifestly eliptical. If expressed without the elipsis?, the sentence will read thus : In the sale of the franchise of any corporation, the person who shall satisfy the execution, with all costs thereon, shall be considered the highest bidder : Or the person who, upon paying such execution and costs, shall agree to take such franchise for the shortest period of time, and to receive during the time all such fare and tolls as the said corporation would by law be entitled to demand, shall be considered the highest bidder. Tims expressed, the object of the Legislature is obvious, and its meaning clear beyond a doubt. Neither the judgment creditor, nor any other person can become a purchaser under the execution, unless he satisfied it, together with all the costs thereon; hut by paying the execution and costs, he may become the purchaser unless some person will over-hid him by agreeing to take the franchise upon making the same payment
 
 *321
 
 for a shorter period, and he who will take it for the shortest period, shall, in the language of the act “ be considered as the highest bidder.” If this construction of the section be correct, (and about that we have no doubt) the plaintiff was not a purchaser of the franchise which she claims, and consequently her action fails. She was therefore, properly non-suited, and the judgment must be affirmed..
 

 Pee Oueiam, Judgment affirmed.